SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-386 PA (DTBx) | Date | March 21, 2011 |
|---|---|---|---|
| Title | Krystal Bonilla v. United Brands Co., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Consolidate Cases and Change Venue, filed by defendants United Brands Company, Inc. ("UBC") and 7-Eleven, Inc. ("7-Eleven") (collectively "Defendants"). (Docket No. 8.)  Plaintiff Krystal Bonilla ("Plaintiff") has not filed any Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for March 21, 2011, is vacated, and the matter taken off calendar.

I.   Factual and Procedural Background

Plaintiff filed this action on January 13, 2011, alleging that Defendants manufacture and/or sell a caffeinated alcoholic beverage containing 12% alcohol by volume called "Max Energy Drink." According to the Complaint, Plaintiff purchased three cans of Max Energy Drink from a 7-Eleven store located in Rialto, California on September 17, 2010 and September 25, 2010.  On November 17, 2010 the U.S. Food and Drug Administration ("FDA") sent defendant UBC a warning letter citing studies about the dangers of premixed caffeinated alcoholic drinks, noting that caffeine reduces a person's perception of the effects of intoxication such that a person may consumer higher amounts of alcohol than otherwise.  The Complaint claims that the advertising and packaging of Max Energy Drink did not include any warnings of the dangers cited by the FDA.  Moreover, Plaintiff alleges that the packaging of Max Energy Drink is deceptively designed to attract underage drinkers and mislead parents.  Plaintiff thus wishes to bring a class action against Defendants on behalf of all persons who purchased a Max Energy Drink during the class period for false advertising under various California statutes.

The same day Plaintiff filed this action another class action was filed against Defendants by a different individual, Breanna Cuevas v. United Brands Co., Inc., CV 11-387 R (OPx) (the "Cuevas Action").  The complaint in the Cuevas Action alleges that Defendants manufacture and/or sell a caffeinated alcoholic beverage containing anywhere from 9.9% to 12% alcohol by volume called "Joose."  The plaintiff in the Cuevas Action purchased one can of Joose from a 7-Eleven store in Corona, California in April 2010, and another can from a 7-Eleven store in Ontario, California in August 2010.  The Cuevas Action references the same FDA warning letter and also makes allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-386 PA (DTBx) | Date | March 21, 2011 |
|---|---|---|---|
| Title | Krystal Bonilla v. United Brands Co., Inc., et al. | | |

concerning the dangers of caffeinated alcoholic beverages and Joose's deceptive packaging. The plaintiff in the Cuevas Action wishes to bring similar claims against Defendants on behalf of all persons who purchased a Joose during the class period.

II.     Motion to Consolidate

Defendants move to consolidate this action with the Cuevas Action as a related case. Under Local Rule 83-1.3.1 two cases are considered related if they appear:

> (a) To arise from the same or a closely related transaction, happening, or event; or
> (b) To call for determination of the same or substantially related or similar questions of law and fact; or
> (c) For other reasons would entail substantial duplication of labor if heard by different judges; or
> (d) To involve the same patent, trademark, or copyright, and one of the factors identified in a, b or c if present.

Here Defendants claim that this action and the Cuevas Action are related because "they are both class action suits against the exact same defendants wherein the exact same putative class of Plaintiffs is making essentially the same allegations regarding two brands of UBC beverages." (Motion, p. 1.) Not only is this characterization of the two actions incorrect, but Defendants have also failed to show that these actions satisfy any of the conditions listed in Local Rule 83-1.3.1. First, Defendants are incorrect that the two actions involve the "exact same putative class of Plaintiffs." There is no reason to conclude that people who purchased a Max Energy Drink also purchased Joose, or vice versa. Having reviewed the complaints in this action and the Cuevas Action, they have little factual matter in common aside from the identity of the Defendants, and would not entail substantial duplication of labor if heard by two different judges.[1/] The two actions involve different beverages with different alcohol contents and, as pictures in the complaints show, completely different packaging and advertising. Given that the claims in the two actions are heavily based on the content of the packaging and the dangers of consuming too much alcohol, such differences mean that resolving the two actions will involve significantly different determinations. Defendants' request to consolidate this action with the Cuevas Action is therefore denied.

---

[1/] These actions would not fall under either subsections (a) or (d) of Local Rule 83-1.3.1. Since there is no patent, trademark, or copyright at issue in either case subsection (d) does not apply. Subsection (a) does not apply since the two plaintiffs are alleged to have purchased Max Energy Drink and Joose at different times and locations.

SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-386 PA (DTBx) | Date | March 21, 2011 |
|---|---|---|---|
| Title | Krystal Bonilla v. United Brands Co., Inc., et al. | | |

III.   Motion to Transfer Venue

Defendants also move to transfer this action to the United States District Court for the Southern District of California ("Southern District").  Under 28 U.S.C Section 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice."  The § 1404 transfer analysis therefore has two steps: (1) Whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the "interest of justice."  A court may transfer venue in response to a motion by either party in the case, or upon its own motion.  See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993).

    a.   This Action Could Have Been Brought in the Southern District of California

Transfer under 28 U.S.C. §1404(a) is only available to districts in which the case "might have been brought" initially.  Thus, the "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendant must be subject to personal jurisdiction.  The Complaint alleges that this Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  As a federal district court, the Southern District also has subject matter jurisdiction over this action.

Defendant UBC is a California corporation with its principal place of business in California, and so the Southern District has general personal jurisdiction over it.  See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)(noting that general personal jurisdiction exists when a party has continuous and systematic contacts that "approximate physical presence" in the forum state).  Although 7-Eleven is a Texas corporation with its headquarters located in Texas it is subject to personal jurisdiction in California because it has a substantial number of stores in California, receives benefits and income from California, and has a registered agent for service in California.  See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)(listing factors that a court may take into consideration when determining whether personal jurisdiction exists over a corporation, including "whether the defendant makes sales, solicits, or engaged in business in the state, serves the state's markets, [or] designates an agent for service of process").  Moreover, by moving to transfer this action to the Southern District 7-Eleven has expressed its consent to personal jurisdiction there.

Both Defendants are subject to personal jurisdiction in the Southern District, and are thus deemed to "reside" there for purposes of venue.  See 28 U.S.C. § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.").  Since venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State," the Southern District is an appropriate venue for this action.  28 U.S.C. § 1391(a).

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-386 PA (DTBx) | Date | March 21, 2011 |
|---|---|---|---|
| Title | Krystal Bonilla v. United Brands Co., Inc., et al. | | |

      b.      <u>The Interests of Convenience and Justice Are Served By Transfer</u>

      In analyzing the second prong of a transfer under § 1404, the Court may consider several factors to determine whether the convenience and interest of justice elements of § 1404(a) are met by the proposed transfer: (1) convenience to the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations. <u>See</u> <u>Decker Coal Co. v Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986); <u>E. & J. Gallo Winery v. F. & P. S.P.A.</u>, 899 F. Supp. 465 (E.D. Cal. 1994). The factors are each sub-categories of the three general factors listed in the text of section 1404(a) itself: the convenience of parties, the convenience of witnesses, and the interest of justice. The Court is to interpret these factors broadly, and to apply them to the particular facts of each individual case. <u>See e.g.</u>, <u>E. & J. Gallo Winery</u>, 899 F. Supp. at 466. There are a large number of factors that courts have considered in weighing the propriety of a § 1404(a) transfer, not all of which are particularly relevant here. Rather than discussing all possible influences on the Court's decision, the Court will focus only on the factors that are of significance in this case.

      UBC is headquartered in the Southern District, and thus it would be more convenient for it to litigate there. Since 7-Eleven is headquartered in Texas, it does not appear to be more or less convenient for it to litigate in the Southern District than in this Court. Plaintiff resides in San Bernardino, California, which is located about 60 miles from this Court and 100 miles from the nearest courthouse in the Southern District. While it would be slightly less convenient for Plaintiff to litigate in the Southern District, it would not be overly burdensome. Plaintiff's counsel has an office in the Southern District and Defendants represent that the location of Plaintiff's deposition would not be affected by the change in venue.

      Since UBC's headquarters are located in the Southern District and most of Plaintiff's allegations are targeted towards UBC's manufacture and packaging of Max Energy Drink, it follows that most witnesses and documents would be located in the Southern District. Although Plaintiff originally chose to file in this Court, Defendants' counsel has submitted a declaration stating that he conferred with Plaintiff's counsel and Plaintiff does not oppose transferring this action to the Southern District. Plaintiff has not filed any Opposition to this Motion. Pursuant to Local Rule 7-12 "[t]he failure to file any required paper . . . may be deemed consent to the granting or denial of the motion." Given Plaintiff's lack of opposition, combined with the convenience to witnesses and ease of access to evidence factors, the Court finds that transferring this action to the Southern District is appropriate.

### Conclusion

      For the foregoing reasons, Defendants' Motion is partially granted. Defendants' Motion to Consolidate this Action with <u>Breanna Cuevas v. United Brands Co., Inc.</u>, CV 11-387 R (OPx) is denied. Defendants' Motion to Transfer this action to the Southern District is granted. The Court orders the

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-386 PA (DTBx) | Date | March 21, 2011 |
|---|---|---|---|
| Title | Krystal Bonilla v. United Brands Co., Inc., et al. | | |

Clerk to transfer case number CV 11-386 PA (DTBx) to the United States District Court for the Southern District of California.

　　IT IS SO ORDERED.